# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESMERALDA BERENISIA MADRIGAL, | Case No. 1:18-cv-01129-SKO |
| Plaintiff, | |
| v. | ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT |
| ANDREW SAUL, Commissioner of Social Security,[1] | |
| Defendant. | (Doc. 1) |

## I. INTRODUCTION

On August 21, 2018, Plaintiff Esmeralda Berenisia Madrigal ("Plaintiff") filed a complaint under 42 U.S.C. § 1383(c) seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for Supplemental Security Income (SSI) under the Social Security Act (the "Act"). (Doc. 1.) The matter is currently before the Court on the parties' briefs, which were submitted, without oral

---

[1] On June 17, 2019, Andrew Saul became the Commissioner of the Social Security Administration. *See* https://www.ssa.gov/agency/commissioner.html (last visited by the court on September 12, 2019). He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[2]

## II. BACKGROUND

On June 9, 2014, Plaintiff protectively applied for SSI, alleging disability beginning May 11, 2011, due to major depression, acid reflux, low back problems, anxiety, and migraine headaches. (Administrative Record ("AR") 33, 35–36, 39, 71–72, 85–86, 190–91, 216, 218, 224.) Plaintiff was born on September 6, 1975, and was 35 years old on the alleged disability onset date. (AR 33, 35–36, 39, 50, 71–72, 85–86, 190–91, 216, 218, 224). Plaintiff has a ninth-grade education and can communicate in English. (AR 50, 190–92.)

### A. Relevant Medical Evidence[3]

On August 29, 2014, licensed psychologist Pauline Bonilla, Psy.D., performed a comprehensive psychiatric examination of Plaintiff. (AR 387–92.) She observed Plaintiff to have fair hygiene and grooming. (AR 389.) Plaintiff was pleasant and cooperative throughout the interview and was considered a "reliable historian." (AR 387, 389.) She complained of symptoms of depression due to an increase in medical issues, chronic pain, physical limitations, decrease in quality of life, and the inability to provide for her family financially. (AR 387–88.) Plaintiff described her depressive symptoms as feelings of sadness, hopelessness, and worthlessness; a lack of interest in activities; decreased motivation and energy; difficulty concentrating; low frustration tolerance; and increased irritability and occasional anger. (AR 388.) She also complained of anxiety and reported that she often has "significant nervousness in public and crowds," resulting in a "need to escape and avoid." (AR 388.) Plaintiff's anxiety symptoms included shortness of breath; heart palpitations; chest tightening; muscle tension; sweatiness and shakiness; dizziness and nausea; and increased pain and migraine headaches. (AR 388.)

Plaintiff reported completing her adaptive living skills independently. (AR 389.) She stated that she does not engage in household chores or cooking and that she requires assistance from her daughter to shop for groceries and run errands. (AR 389.) Plaintiff does not drive. (AR 389.)

Upon mental examination, Dr. Bonilla found Plaintiff's thought content was appropriate

---
[2] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (Docs. 7, 10.)
[3] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issues.

2

with no indications of hallucinations or delusions. (AR 389.) Plaintiff's mood appeared to be dysphoric with poor appetite. (AR 390.) Plaintiff reported that she did not sleep through the night and slept only in the daytime as a result of her medications. (AR 390.)

Dr. Bonilla found Plaintiff's remote memory intact, although she encountered difficulty reciting digits forward and backward. (AR 390.) Plaintiff's fund of knowledge was found to be consistent with her educational level and socioeconomic background. (AR 390.) She had difficulty performing simple mathematical calculations. (AR 390.) Dr. Bonilla found Plaintiff's concentration to be within normal limits, her abstract thinking inadequate, and an adequate ability to differentiate. (AR 390.) Plaintiff's judgment and insight were within normal limits. (AR 390.) Dr. Bonilla assessed Plaintiff with a mood disorder; an anxiety disorder; a pain disorder; a personality disorder with dependent traits; and a Global Assessment of Functioning ("GAF") score of 64. (AR 391.)

According to Dr. Bonilla, Plaintiff's symptoms "appear[ed] to be in the mild to moderate range" and she "appear[ed] to be suffering from a major mental disorder." (AR 391.) The likelihood of recovery by Plaintiff was deemed to be good with psychotherapy. (AR 391.) Dr. Bonilla noted that Plaintiff's limitations appeared to be "primarily due to a combination of medical and mental health issues." (AR 391.)

Dr. Bonilla opined that Plaintiff is mildly impaired in the following: the ability to perform simple and repetitive tasks; the ability to accept instruction from a supervisor; the ability to interact with coworkers and the public; the ability to sustain an ordinary routine without special supervision; and the ability to maintain regular attendance in the workplace. (AR 391.) Dr. Bonilla further opined that Plaintiff is mildly to moderately impaired in the ability to perform detailed and complex tasks, and that Plaintiff is moderately impaired in the ability to complete a normal workday or workweek without interruptions from a psychiatric condition and the ability to deal with stress and changes encountered in the workplace. (AR 391–92.) Dr. Bonilla found the likelihood of Plaintiff "emotionally deteriorating in a work environment" is minimal to moderate. (AR 392.)

**B.     Administrative Proceedings**

The Commissioner denied Plaintiff's application for benefits initially on September 19,

2014, and again on reconsideration on February 3, 2015. (AR 100–103, 105–109.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 112–22.) The ALJ conducted a hearing on September 20, 2016. (AR 53–70.). Plaintiff appeared at the hearing with her counsel and testified. (AR 57–68.) A vocational expert also testified. (AR 68–69.)

**C.     The ALJ's Decision**

In a decision dated January 13, 2017, the ALJ found that Plaintiff was not disabled, as defined by the Act. (AR 33–52.) The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 416.920. (AR 35–51.) The ALJ decided that Plaintiff had not engaged in substantial gainful activity since June 9, 2014, the application date (step one). (AR 35.) At step two, the ALJ found Plaintiff's following impairments to be severe: degenerative disc disease of the lumbar spine, status post laminectomy; obesity; depressive disorder; anxiety disorder; and personality disorder. (AR 35–36.) Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 36–38.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)[4] and applied the RFC assessment at steps four and five. *See* 20 C.F.R. § 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that Plaintiff had the RFC:

> to perform light work as defined in 20 C.F.R. [§]416.967(b) except [Plaintiff] can lift and or carry 20 pounds occasionally and 10 pound [sic] frequently; she can stand and or walk for six hours in an eight hour day with normal breaks; she can sit for six hours in an eight hour day with normal breaks; she can occasionally balance, stoop, kneel, crouch, and crawl; she can occasionally climb ramps and stairs; and she is capable of simple, routine tasks with limited peer and public contact.

---

[4] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours a day, for 5 days a week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id*. "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 883 (9th Cir. 2006).

(AR 38.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to produce the . . . alleged symptoms[,]" he rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record." (AR 39.)

The ALJ determined Plaintiff had no past relevant work (step four), but that Plaintiff was not disabled because, given her RFC, she could perform a significant number of other jobs in the local and national economies, specifically assembler and machine tender (step five). (AR 50–51.) Ultimately, the ALJ concluded that Plaintiff was not disabled at any time through the date of his decision. (AR 51–52).

Plaintiff sought review of this decision before the Appeals Council, which denied review on June 18, 2018. (AR 1–7.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 416.1481.

## III.    LEGAL STANDARD

### A.   Applicable Law

An individual is considered "disabled" for purposes of disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920. The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If

> so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing her past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [his] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.     Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citing *Tackett*, 180 F.3d at 1098). "Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund*, 253 F.3d at 1156 ("If the evidence is susceptible to more than one rational interpretation, the court may not

substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins*, 466 F.3d at 885). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

"Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. of N.Y. v. NLRB, 305 U.S. 197, 229 (1938)). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation and internal quotation marks omitted).

**IV.     DISCUSSION**

Plaintiff contends that the ALJ failed to provide specific and legitimate reasons, supported by substantial evidence, for implicitly rejecting the opinion of consultative examiner Dr. Bonilla that Plaintiff would have moderate limitations completing a normal workday or workweek due to her mental condition, moderate difficulties dealing with stress and changes encountered in the workplace, and an up to moderate likelihood that she would emotionally deteriorate in a work environment. (Doc. 16 at 20–22; Doc. 20 at 3–5.) The Court agrees.

**A.     The ALJ Did Not Properly Account for the Consultative Psychologist's Opinion in Determining Plaintiff's Residual Functional Capacity**

**1.     Legal Standard**

The weight given to medical source opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally speaking, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion carries more weight than a non-examining physician's opinion. *Holohan*, 246 F.3d at 1202.

An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester*, 81 F.3d at 830; *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Even if a treating or examining physician's opinion is contradicted, that opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830–31. The ALJ can meet this burden by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

**2.     Analysis**

In his decision, the ALJ specifically noted Dr. Bonilla's opinion regarding Plaintiff's moderate limitations completing a normal workday or work week due to her psychiatric condition, moderate difficulties dealing with stress and changes encountered in the workplace, and an up to

moderate likelihood that she would emotionally deteriorate in a work environment, and purported to give "significant weight" to the opinion. (AR 47.) The ALJ explained that he gave Dr. Bonilla's opinion such weight because she "was an examining physician, and her opinion is consistent with the records as a whole, as well as internally consistent." (AR 47.) However, nothing in the ALJ's RFC, including the limitation to "simple, routine tasks with limited peer and public contract" (AR 38), accommodates Dr. Bonilla's opined moderate impairments. While the ALJ need not accept the full extent of Dr. Bonilla's opinion, the ALJ may not reject it, or significant parts of it, without giving specific and legitimate reasons for doing so. *See Lester*, 81 F.3d at 830-31. Accordingly, the ALJ erred by not providing specific and legitimate reasons, supported by substantial evidence, for implicitly rejecting significant portions of Dr. Bonilla's opinion. *See, e.g., Bain v. Astrue*, 319 F. App'x. 543, 545–46 (9th Cir. 2009) (finding ALJ erred in not including consultative examining psychologist's moderate limitations in the RFC, despite crediting the limitations in the decision); *Barnes v. Colvin,* CASE NO. 5:16-CV-01183-SK, 2017 WL 8220233, at *3 (C.D. Cal. Apr. 17, 2017) (finding ALJ erred in failing to explain why RFC assessment did not adopt consultative psychiatrist's moderate difficulties performing work activities on a consistent basis without special or additional supervision and moderate limitations completing a normal workday or workweek due to his mental condition); *Jackson v. Colvin*, No. EDCV 12–00606–MAN, at *5 (C.D. Cal. May 2, 2013) (finding ALJ erred in failing to proffer any reason for failing to explain the rejection of consultative psychiatrist's opinion that claimant would have mild to moderate limitations with respect to handling normal stresses at work). *See also* TITLES II & XVI: CAPABILITY TO DO OTHER WORK-THE MEDICAL-VOCATIONAL RULES AS A FRAMEWORK FOR EVALUATING SOLELY NONEXERTIONAL IMPAIRMENTS, SSR 85-15, 1985 WL 56857, at *5–6 (S.S.A. 1985) (emphasizing that mentally impaired people often "have difficulty accommodating to the demands of work and work-like settings" and thus "[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment").

Defendant's contention that Plaintiff has not demonstrated that the ALJ's RFC assessment is inconsistent with Dr. Bonilla's findings is unavailing. The cases on which Defendant relies in support of this argument are distinguishable because they concern whether it was harmless error

that the ALJ failed to address moderate limitations in social functioning and adaptation where the RFC included a limitation to simple, repetitive tasks. (*See* Doc. 19 at 23–24.)[5] In contrast, Dr. Bonilla's opinion was not limited to moderate limitations in social functioning and adaptation. (*See* AR 391–92.)

On the present record, the Court cannot determine whether the ALJ's error in failing to discuss the reasons he rejected these limitations was harmless. *See Molina*, 674 F.3d at 1115 ("[A]n ALJ's error is harmless where it is inconsequential to the ultimate nondisability determination.") (citations and quotations omitted); *see also Thompson v. Astrue*, No. ED CV 12–265–E, 2012 WL 4513724, at *4 (C.D. Cal. Oct. 2, 2012) (holding ALJ's error in failing to discuss consultative psychiatrist's opinions regarding mild to moderate limitations completing complex tasks, handling normal stresses at work, and completing a normal work week without interruption not harmless where RFC was limited to moderately complex tasks up to four to five steps). Dr. Bonilla stated that Plaintiff would have moderate limitations completing a normal workday or workweek due to her mental condition, moderate difficulties dealing with stress and changes encountered in the workplace, and an up to moderate likelihood that Plaintiff would emotionally deteriorate in a work environment. (AR 391–92.) The vocational expert did not testify that a person could work with the moderate limitations Dr. Bonilla found to exist. (*See* AR 68–69 (vocational expert's testimony).) The vocational expert did testify, however, that if a person with the limitations the ALJ found to exist were off task 20 percent of the day or would miss more than two days of work on a consistent basis, the person would not be able to do any jobs in the labor market. (AR 68–69.) Accordingly, remand is warranted on this issue. *See, e.g.*, *Devery v. Colvin*, Case No. CV 15-08503-RAO, 2016 WL 3452487, at *5 (C.D. Cal. June 22, 2016) (court could not determine

---

[5] The two exceptions are *Jenkins v. Colvin*, No. 1:15-cv-01135-SKO, 2016 WL 4126707 (E.D. Cal. Aug. 2, 2016) and *Rodriquez v. Colvin*, No. 1:13-cv-01716-SKO, 2015 WL 1237302, at *6 (E.D. Cal. Mar. 17, 2015). (*See* Doc. 19 at 23–24.) In *Jenkins*, the consultative examiner "explicitly opined Plaintiff retained the mental ability to perform both simple and complex tasks and maintain regular attendance in the workplace with little supervision." 2016 WL 4126707, at *7. Similarly, in *Rodriguez*, the state agency physician found a moderate limitation in the ability to complete a normal workday or workweek without interruptions from psychologically-based symptoms, while in all other abilities, found Plaintiff "Not Significantly Limited." 2015 WL 1237302, at *6. Unlike those cases, here Dr. Bonilla found both mild and moderate impairments in Plaintiff's ability to perform simple and complex tasks, her ability to sustain an ordinary routine without special supervision, and her ability to maintain regular attendance in the workplace. (AR 391.)

harmlessness of ALJ's failure to discuss reasons she rejected limitations because VE did not testify that a hypothetical person with those limitations could work); *Dunlap v. Astrue*, No. CIV S–09–3446 EFB, 2011 WL 1135357, at *6 (E.D. Cal. Mar. 25, 2011) (court could not determine harmlessness of error because it was unable to "determine how the VE would have responded if he had been given a hypothetical containing [examining physician]'s actual opinion.").

**B.     The Court Declines to Determine Plaintiff's Remaining Assertions of Error**

Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments that the ALJ erred in rejecting medical opinion evidence and failing to develop the record. *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Newton v. Colvin*, No. 2:13–cv–2458–GEB–EFB, 2015 WL 1136477, at *6 n.4 (E.D. Cal. Mar. 12, 2015) ("As the matter must be remanded for further consideration of the medical evidence, the court declines to address plaintiff's remaining arguments."); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

**C.     Remand for Further Proceedings is Appropriate**

When an ALJ commits error that is not harmless, "[t]he decision whether to remand for further proceedings or simply to award benefits is within the discretion of [the] court." *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989) (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). Because further administrative review could remedy the ALJ's error, remand for further administrative proceedings, rather than an award of benefits, is warranted here.[6] *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances). *See also Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981) ("If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded."); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) ("Remand for further administrative proceedings is appropriate if enhancement of the record would be useful.").

---

[6] Plaintiff concedes the error identified above can be remedied with further proceedings. (*See* Doc. 20 at 5.)

Before ordering remand for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Brown-Hunter*, 806 F.3d at 495 (citations omitted). Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* (citation omitted).

Here, remand for further administrative proceedings is appropriate. On remand, the ALJ shall reconsider the opinion of Dr. Bonilla's regarding Plaintiff's moderate limitations, and either credit her opinion or provide specific and legitimate reasons supported by substantial evidence for rejecting it. The ALJ shall reassess Plaintiff's RFC, considering the entirety of Dr. Bonilla's opinion. The ALJ shall then proceed through steps four and five to determine what work, if any, Plaintiff is capable of performing.

## V. CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, VACATED and the case REMANDED to the ALJ for further proceedings consistent with this Order. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Esmeralda Berenisia Madrigal and against Defendant Andrew Saul, Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **January 6, 2020**         /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE